Don Springmeyer, NSB No. 1021
Bradley Schrager, NSB No. 10217
**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Tel: (702) 341-5200
Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

Patrick Madden (*Admitted pro hac vice*)
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
pmadden@bm.net

Stuart McCluer (*Admitted pro hac vice*)
**MCCULLEY MCCLUER PLLC**
1022 Carolina Blvd., Ste. 300
Charleston, SC 29451
Tel: (855) 467-0451
Fax: (662) 368-1506
smccluer@mcculleymccluer.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT HERRERA, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN CASINO & ENTERTAINMENT PROPERTIES, LLC, a Delaware Limited Liability Company; STRATOSPHERE GAMING, LLC, a Nevada Limited Liability Company dba Stratosphere Casino, Hotel & Tower; GOLDEN ENTERTAINMENT (NV) , INC. a Minnesota Corporation; and, GOLDEN CASINOS NEVADA, LLC, a Delaware Limited-Liability Company<br><br>Defendants. | Case No.: 2:18-cv-0218-JAD-PAL<br><br>**STIPULATION AND ORDER TO STAY PROCEEDINGS AND EXTEND DEADLINE FOR DEFENDANT TO RESPOND TO THE COMPLAINT**<br><br>**(FIRST REQUEST)**<br><br>ECF No. 15 |

On February 6, 2018, Robert Herrera("Plaintiff"), on behalf of himself and the proposed Class, filed the instant case against American Casino & Entertainment Properties, LLC, a Delaware Limited Liability Company; Stratosphere Gaming, LLC, a Nevada Limited Liability Company dba Stratosphere Casino, Hotel & Tower; Golden Entertainment (NV) , Inc., a

Minnesota Corporation and; Golden Casinos Nevada, LLC, a Delaware Limited-Liability Company (collectively "Stratosphere"). Plaintiff and Stratosphere, by and through their respective counsel of record, stipulate to: (1) stay this case pending a ruling on subject matter jurisdiction in *Cabral et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (the "Caesars Case"), another similar case filed by the same Plaintiff's counsel; and (2) extend the current deadlines for Stratosphere to respond to Plaintiff's Complaint (ECF No. 1) until after the Court makes a determination of subject matter jurisdiction in the Caesars Case.

I. **Background**

On February 6, 2018, Plaintiff filed the instant case against Stratosphere, alleging that Stratosphere improperly applied Clark County, Nevada's Combined Transient Lodging Tax to charges for internet access. Relatedly, counsel for Plaintiff has filed some fourteen additional lawsuits (the "Related Lawsuits" and, together with the instant action, the "Resort Fee Lawsuits") in this District Court that assert similar claims and requests for relief against other resort/hotel defendants:

- *Cabral et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (filed on November 10, 2017);
- *Phelps et al. v. MGM Resorts International et al.*, Case No. 2:17-cv-02848-APG-CWH (filed on November 13, 2017);
- *Martinez et al. v. Las Vegas Sands Corp. et al.*, Case No. 2:17-cv-02859-APG-NJK (filed on November 14, 2017);
- *Schnitzer et al. v. Wynn Resorts, Ltd. et al.*, Case No. 2:17-cv-02868-RFB-GWF (filed on November 15, 2017);
- *Bowes, et al., v. Nevada Property 1 LLC, dba Cosmopolitan of Las Vegas,* Case No. 2:17-cv-02913-GMN-VCF (filed on November 20, 2017);
- *Chapman v. Penn National Gaming, Inc. et al.*, Case No. 2:17-cv-02924-GMN-PAL (filed on November 21, 2017);
- *Shapiro v. Treasure Island, LLC*, Case No. 2:17-cv-02930-APG-CWH

(filed on November 22, 2017);

- *Inman v. Las Vegas Resort Holdings, LLC*, Case No. 2:17-cv-02950-JAD-NJK (filed on November 28, 2017);
- *Robinson v. Westgate Resorts, Inc.,* Case No.: 2:19-cv-0095-JAD-CWH (filed on January 17, 2018)
- *Falcone v. Gaughan South LLC,* Case No. 2:18-cv-0234-GMN-GWF (filed on February 8, 2018)
- *Hernandez, et al., v. FP Holdings, LP, et al.,* Case No. 2:18-cv-00321-RFB-PAL (filed on February 21, 2018);
- *Mason, et al., v. HRHH Hotel/Casino, LLC,* Case No. 2:18-cv-0036-RFB-CWH (filed on February 28, 2018);
- *Hanson v. Plaza Hotel & Casino, LLC,* Case No. 2:18-cv-00378-APG-NJK (filed on March 1, 2018); and,
- *Webster, et al., v. GNLV Corp., et al.,* Case No. 2:18-cv-00576-KJD-PAL (filed on March 29, 2018).

**II.     The Requested Stay and Deadline Extensions Will Conserve Resources for the Parties and the Court**

To avoid duplicative legal briefing and to efficiently address the common issue of subject matter jurisdiction, the parties to a group of the Resort Fee Lawsuits have entered into a separate agreement (the "Agreement"), attached hereto as Exhibit 1, to efficiently determine subject matter jurisdiction by filing a single motion to dismiss on the issue (the "Subject Matter Jurisdiction Motion") in the first-filed case, *i.e.*, the Caesars Case. Under the Agreement, the signatory parties presently before Judge Gordon have agreed to consolidate their respective cases for the sole and limited purpose of allowing Judge Gordon to determine the issue of subject matter jurisdiction in one consolidated order. On February 22, 2018, Judge Gordon granted the parties' request and consolidated various Resort Fee Lawsuits before him.[1]

---
[1] *See* Order Granting Stipulations (ECF No. 21), Case No. 2:17-cv-02841-APG-VCF.

3

Additionally, the parties in the remaining cases, including now Stratosphere, have collectively agreed to seek a stay of their respective cases pending a decision on the Subject Matter Jurisdiction Motion in the Caesars Case. While not binding on this Court, such a decision may nevertheless provide guidance, increase judicial efficiency, and decrease costs to both the Court and the parties. In fact, the parties have agreed to take certain actions in this litigation (as set forth more fully below) that are contingent on the outcome of the Subject Matter Jurisdiction Motion in the Caesars Case.

Thus, pursuant to the Agreement, Plaintiff and Stratosphere, by and through their undersigned counsel, stipulate that:

1. All matters in the instant case be stayed pending a determination of the Subject Matter Jurisdiction Motion in the Caesars Case.

2. If Judge Gordon finds the Court lacks subject matter jurisdiction and grants the Subject Matter Jurisdiction Motion, then either Plaintiff will move the Court to voluntarily dismiss the instant case without prejudice, or Plaintiff's counsel (who also are counsel in the Caesars Case) will appeal from Judge Gordon's order. If Plaintiff's counsel decides to appeal, then Plaintiff will request a continuation of the stay in this case, pending a resolution of the appeal. If, after appeal, the applicable court determines that there is no federal jurisdiction, then Plaintiff will move the Court to voluntarily dismiss this case without prejudice.

3. If Judge Gordon finds he has subject matter jurisdiction and denies the Subject Matter Jurisdiction Motion, then Stratosphere will not re-file the Subject Matter Jurisdiction Motion in this case.[2]

4. Stratosphere's current deadline to respond to Plaintiff's Complaint (ECF No. 1) is May 25, 2018. Stratosphere Gaming, LLC's deadline to respond to Plaintiff's Complaint (ECF No. 1) is May 29, 2018. If Judge Gordon finds he has subject matter jurisdiction and denies the Subject Matter Jurisdiction Motion, then

---

[2] As noted above, the parties recognize that this Court is not bound by Judge Gordon's ruling. Nothing in this stipulation shall limit any party's ability to respond to subject matter jurisdiction issues raised by this Court.

1           Stratosphere's deadline to respond to the Complaint shall be extended to 30 days
from the date that the court in the Caesars Case enters a final order on the Subject
Matter Jurisdiction Motion.

    These stipulations between Plaintiff and Stratosphere will permit the efficient determination of a common legal issue that exists in multiple, related lawsuits, and conserve judicial and party resources. Notably, a stipulation requesting similar relief was recently granted by the Court in the related lawsuit of *Bowes et al. v. Nevada Property I LLC*, case no. 2:17-cv-02913-GMN-VCF (ECF No. 22).

    Pursuant to the Agreement, filing of the Subject Matter Jurisdiction Motion does not constitute a waiver of any defense or argument and shall not preclude Stratosphere from asserting any additional defenses or arguments at a later date, including, without limitation, any defenses or

/ / /

motions permitted by Federal Rule of Civil Procedure 12(b). These stipulations are made in good faith and not for purposes of delay.

Dated: May 25, 2018

| | |
|---|---|
| */s/ Don Springmeyer* | */s/ Robert A. Ryan* |
| Don Springmeyer | Robert A. Ryan |
| Bradley Schrager | PISANELLI BICE PLLC |
| **WOLF, RIFKIN, SHAPIRO,** | 400 South 7th Street, Suite 300 |
| **SCHULMAN & RABKIN, LLP** | Las Vegas, Nevada 89101 |
| 3556 E. Russell Road, 2nd Floor | Telephone: (702) 214-2100 |
| Las Vegas, Nevada 89120-2234 | Fax: (702) 214-2101 |
| Tel: (702) 341-5200 | RR@pisanellibice.com |
| Fax: (702) 341-5300 | |
| dspringmeyer@wrslawyers.com | *Counsel for Defendants* |
| bschrager@wrslawyers.com | |

Patrick Madden
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
pmadden@bm.net

Stuart H. McCluer
**MCCULLEY MCCLUER PLLC**
1022 Carolina Blvd., Ste. 300
Charleston, SC 29451
Tel: (855) 467-0451
Fax: (662) 368-1506
smccluer@mcculleymccluer.com
*Counsel for Plaintiff and the Proposed Class*

**ORDER**

Based on the parties' stipulation **[ECF No. 15]** and good cause appearing, IT IS HEREBY ORDERED that THIS ACTION IS STAYED pending a ruling on subject-matter jurisdiction in *Cabral et al. v. Caesars Entertainment Corporation et al.,* Case No. 2:17-cv-02841-APG-VCF, and all deadlines are suspended. Once the subject-matter-jurisdiction ruling has been made, either party may move to lift this stay.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: May 29, 2018